IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURTZ INVESTMENTS LTD., | |
| Plaintiff, | |
| v. | |
| VILLAGE OF HINSDALE, | Case No. 15 CV 1245 |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kurtz Investments Ltd., through its undersigned counsel, complains against Defendant, the Village of Hinsdale, as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b), (c) because Plaintiff and Defendant either reside or are located in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## Parties

3. Plaintiff Kurtz Investments Ltd. is a limited-liability corporation incorporated under the laws of the State of Illinois, with its principal place of business located at 32 Blaine Street, Hinsdale, Illinois.

4. Defendant is a municipality incorporated under the laws of the State of Illinois and is located in the County of DuPage.

## Factual Allegations

5. Plaintiff owns a parcel of property located at 32 Blaine Street, Hinsdale, Illinois.

6. The property is located in an O-1 zoning district, which is a type of zoning district that permits both commercial and residential uses.

7. In early 2014, a tree located on the property died.

8. In July 2014, Plaintiff hired HB Chainsaw Sculptures (HBCS) to create a wood carving from the remainder of the ash tree.

9. HBCS is a Pennsylvania-based company that specializes in creating unique, custom works of art from salvaged timber, dead trees, and other natural wood objects.

10. Over the course of several days, beginning on or about July 4, 2014, HBCS artist Heath Bender carved a sculpture out of the deceased tree.

11. While Bender was carving the sculpture, Lourdes Backe, a code enforcement officer employed by Defendant, visited the property.

12. Backe told Bender that the artwork was "very nice," and that the carving did not appear to violate any zoning ordinances.

13. Backe also told Bender that there was a 12-foot sculpture located in the Village that had never been an issue.

14. Backe did not issue any warnings or citations to the property when she visited, and she did not tell Bender to stop working on the artwork.

15. On or about July 7, 2014, Bender completed the artwork.

16. The finished sculpture is permanently affixed to the property through the deceased tree's root system.

17. On or about October 7, 2014, Defendant issued a Notice of Violation to Plaintiff alleging that the sculpture was in violation of section 9-106(D)(1)(j) of the Village of Hinsdale Zoning Ordinance, which prohibits "identification signs" in O-1 zoning districts.

18. The October 7, 2014 Notice ordered Plaintiff to remove the sculpture.

19. On or about October 14, 2014, Plaintiff filed an appeal of the Notice of Violation to Defendant's Village Manager.

20. In the appeal letter, Plaintiff informed Defendant that the sculpture was not a sign, much less an identification sign, and was constitutionally protected speech.

21. On or about November 13, 2014, the Village Manager denied the appeal.

22. On or about December 29, 2014, the Village issued a Non-Traffic Complaint and Arrest Ticket against Plaintiff.

23. The ticket charged Plaintiff with seven different ordinance violations, only one of which had been previously alleged in the October 7, 2014 Notice of Violation.

24. In addition to charging that the sculpture violated section 9-106(D)(1)(j) of the Zoning Ordinance, the six new alleged ordinance violations were:

    a. Violation of section 9-106(H)(4)(b), in that the sculpture is an identification sign that exceeds maximum gross surface area of a sign;

    b. Violation of section 9-106(H)(3)(c), in that the sculpture is an identification sign that exceeds the allowed number of signs in an O-1 district;

4

      c.      Violation of section 9-106(H)(5)(b), in that the sculpture is a ground sign more than four feet in height;

      d.      Violation of section, 9-106(H)(6)(b), in that the sculpture is a ground sign within ten feet of the front lot line;

      e.      Violation of section 6-111(H)(7)(a), in that the sculpture is a statue that exceeds the eight-foot limit for statuary; and

      f.      Violation of section 9-106(C), in that Plaintiff is maintaining a sign without a permit.

25. The ticket issued by Defendant seeks enforcement of the ordinances by forcing Plaintiff to remove the sculpture, as well as per-day fines of between $75 and $750 against Plaintiff.

## COUNT I

**Violation of the First Amendment to the U.S. Constitution**

26. The right to freedom of speech is protected under the First Amendment to the U.S. Constitution.

27. Plaintiff's right to freedom of speech under the First Amendment is enforceable under 42 U.S.C. § 1983.

28. The sculpture commissioned by Plaintiff and located at 32 Blaine Street is protected speech under the First Amendment.

29. Defendant's ordinances are unconstitutionally overbroad, vague, and discriminatory on their face and as applied.

30. Defendant's enforcement action against Plaintiff violates Plaintiff's First Amendment right to free speech.

WHEREFORE, Plaintiff prays for

a. A declaration that the ordinances violate the First Amendment of the U.S. Constitution;

b. A declaration that the sculpture is protected expression under the First Amendment of the U.S. Constitution;

c. A preliminary and permanent injunction prohibiting Defendant from enforcing the ordinances generally and as against Plaintiff;

d. Compensatory and actual damages in an amount to be determined by jury;

e. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f. Such other relief that the jury and the Court may deem just and equitable.

## COUNT II

### Violation of Art. 1, § 4 of the Illinois Constitution of 1970

31. Plaintiff's right to speak, write, and publish freely is protected under Article 1, Section 4 of the Illinois Constitution of 1970.

32. The sculpture commissioned by Plaintiff and located at 32 Blaine Street is protected expression under Article 1, Section 4.

33. Defendant's ordinances are unconstitutionally overbroad, vague, and discriminatory on their face and as applied.

34. Defendant's enforcement action against Plaintiff violates the Plaintiff's right to freedom of expression as protected by the Illinois Constitution of 1970.

WHEREFORE, Plaintiff prays for

a. A declaration that the ordinances violate Article 1, Section 4 of the Illinois Constitution of 1970;

b. A declaration that the sculpture is protected expression under Article 1, Section 4 of the Illinois Constitution of 1970;

c. A preliminary and permanent injunction prohibiting Defendant from enforcing the ordinances generally and as against Plaintiff;

d. Compensatory and actual damages in an amount to be determined by jury;

e. Attorneys' fees and costs; and

f. Such other relief that the jury and the Court may deem just and equitable.

Respectfully submitted,

KURTZ INVESTMENTS, LTD.

*s/James G. Vanzant*

Attorney for Plaintiff

*Electronically filed on February 9, 2015*

Heidi Karr Sleper (ARDC# 6287421)
James G. Vanzant (ARDC # 6304196)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: hsleper@kurtzlaw.us
E-mail: jvanzant@kurtzlaw.us

8