IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURTZ INVESTMENTS, LTD., | ) |
| Plaintiff, | ) No. 15 C 1245 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| VILLAGE OF HINSDALE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kurtz Investments, Ltd. has brought a two count complaint against the Village of Hinsdale alleging that certain of defendant's ordinances related to zoning and signs violate the First Amendment to the United States Constitution (Count I) and Article I, § 4 of the Illinois Constitution (Count II). Plaintiff seeks a declaration that the ordinances are unconstitutional, and an order enjoining defendant from continuing to prosecute plaintiff in state court for violating the ordinances. Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(1) based on the Younger Abstention Doctrine. Younger v. Harris, 401 U.S. 37 (1971). For the reasons described below, the motion is granted.

**BACKGROUND**[1]

Plaintiff owns a parcel of property located at 32 Blaine Street, Hinsdale, Illinois. The property is located in an O-1 Zoning District, which permits both commercial and residential uses. In early 2014 an ash tree on the property died. Plaintiff hired H.B. Chainsaw Sculptures ("HBCS") to create a wood carving from the remainder of the tree. Beginning on July 4, 2014,

---

[1]The facts in this background section are taken from the allegations in plaintiff's complaint.

HBCS artist Heath Bender began carving a sculpture out of the deceased tree. While Bender was carving the sculpture, Lourdes Backe, a Village Code Enforcement Officer, visited the property and told Bender that the artwork was "very nice" and did not appear to violate any zoning ordinances. Backe did not issue any warnings or citations and did not tell Bender to stop working.

Bender completed the sculpture on July 7, 2014. Three months later, on October 7, 2014, defendant issued a notice of violation to plaintiff allege that the sculpture violates § 9-106(D)(1)(j) of the Hinsdale Zoning Ordinance which prohibits "identification signs" in O-1 Zone Districts. The notice ordered plaintiff to remove the sculpture.

Plaintiff appealed the notice to the Village Manager on October 14, 2014. In its appeal letter, plaintiff argued that the sculpture was not a sign and was constitutionally protected speech. The Village Manager denied the appeal on November 13, 2014. The following month, on December 29, 2014, defendant issued a "Non-Traffic Complaint and Arrest Ticket" against plaintiff. The ticket charges plaintiff with seven different ordinance violations, including the violation asserted in the October 7, 2014, notice. The ticket seeks to enforce the ordinances by compelling plaintiff to remove the sculpture and pay per-day fines. That matter is pending in the Circuit Court of DuPage County, Illinois.

## DISCUSSION

Defendant has moved to dismiss the case based on Younger abstention, which provides generally that "principles of equity, comity, and federalism require a federal court to abstain from hearing a federal action challenging the constitutionality of a state criminal statute while the state is prosecuting the federal plaintiff in state court for violating that same statute."

2

Mannheim Video, Inc. v. County of Cook, 884 F.2d 1043, 1044 (7th Cir. 1989). The Younger rule is "designed to permit state courts to try state cases free from interference by federal courts." Forty One News, Inc. v. County of Lake, 491 F.3d 662, 665 (7th Cir. 2007)(citing Hicks v. Miranda, 422 U.S. 332, 349 (1975)). "If a person is believed to have violated state law, the state has instituted a criminal disciplinary or other enforcement proceeding against, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." Id. (quoting Nader v. Keith, 385 F.3d 729, 732 (7th Cir. 2004)).

Younger abstention applies only when there is an action pending in state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding. Id. Although initially limited to pending state criminal prosecutions, its scope has been expanded to apply to state judicial and administrative proceedings in which important state interests are at stake. Id. "'The policies underlining Younger are fully applicable to non-criminal proceedings when important state interests are involved. The importance of a state interest may be demonstrated by the fact that the non-criminal proceedings bear a close relationship to proceedings criminal in nature.'" Id. (quoting Middlesex County Ethics Comm. v. Garden State Bar Association, 457 U.S. 423, 432 (1982)). When, as in the instant case, the state proceeding is civil or quasi-criminal, federal courts are required to "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims . . . ." Id. at 665-66 (quoting Majors v. Engelbrecht, 149 F.3d 709, 711 (7th Cir. 1998)). Quasi-criminal prosecution of ordinance violations are adequate state proceedings for purposes of Younger abstention. Id. at 666.

Plaintiff first argues that abstention is inappropriate because the state proceeding is not "ongoing" as a result of that court having granted plaintiff's motion to stay based on the instant case. Relying on the Ninth Circuit's statement in Walnut Properties, Inc. v. City of Whittier, 861 F.2d 1102, 1103 (9th Cir. 1988), that Younger is propelled by concerns of federalism and comity that are not present when a state court has stayed its own proceedings pending resolution of the federal case, plaintiff argues this court should reject defendant's Younger argument. But, as defendant points out, the Ninth Circuit no longer follows Walnut Properties, now focusing not on whether the state court action had been stayed, but on whether it was pending at the time the federal suit was filed.

> [O]ur inquiry on prong one of the Younger test is not on what is currently occurring in the state proceedings, but is focused on the narrow question of whether they were pending at the time the federal suit was filed . . .. Because the whole point of Younger abstention is to stop federal interference with state proceedings, it seems backwards to reject abstention because the state proceedings have been stayed to allow the federal case to proceed. This is exactly the interference that Younger abstention is designed to prevent.

San Remo Hotel, L.P. v. City and County of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998).

The Seventh Circuit has not directly addressed the issue, but appears to focus more on whether the state has waived Younger abstention, rather than timing. In Time Warner Cable v. Doyle, 66 F.3d 867, 874 n.6 (7th Cir. 1995), for example, the court rejected application of Younger because the state had agreed to stay the state administrative proceedings, while in Forty One News, 491 F.3d at 666, it noted that Younger could be applied even when the federal case preceded the filing of the state action.

This court agrees with the Ninth Circuit's statement in San Remo Hotel that it seems backwards to reject abstention because the state proceeding has been stayed to allow the federal

4

proceeding to proceed. In the instant case, defendant has not waived its Younger argument, having opposed the motion to stay the state proceedings and sought abstention in this court. Consequently, the court concludes that the state proceedings remain "on-going" for purposes of the Younger analysis.

Plaintiff also suggests, without support, that it cannot bring its claim for damages as a counterclaim in the state ordinance proceeding. Defendant has cited a number of cases where the defendant in ordinance violation prosecutions have brought counterclaims, although none where the counterclaim sought damages.[2] Illinois Supreme Court Rule 571 provides that the Illinois Code of Civil Procedure applies in ordinance violation prosecutions, however, and § 2-608 of that Code provides that counterclaims for damages may be pleaded as cross-claims in any action to which the code applies. In any event, whether plaintiff can pursue a claim for damages in the state proceeding is irrelevant to the court's Younger analysis. All that is required is that the state proceeding offer an adequate opportunity for review of plaintiff's claim that the ordinance is unconstitutional. Majors, 149 F.3d at 711-14. There is no question that plaintiff can challenge the constitutionality of the ordinance in the state proceeding. Thus, the third prong of the Younger analysis has been satisfied.

---

[2] The court also notes that defendant agrees that plaintiff may counterclaim for damages in the state court proceeding.

## **CONCLUSION**

For the reasons stated above, the court grants defendant's motion to dismiss based on Younger abstention.


**ENTER:      July 7, 2015**

**Robert W. Gettleman**
**United States District Judge**